IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GEORGE A. BELTRAN**, | Case No. 3:15-cv-00785-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **UNITED STATES OF AMERICA**, **FEDERAL BUREAU OF PRISONS**, **FEDERAL SATELLITE PRISON CAMP AT SHERIDAN**, **WARDEN MARION FEATHERS IN THE FEDERAL PRISON CAMP**, in her individual capacity, **COUNSELOR PEREZ**, in his individual capacity, **COUNSELOR MOCK**, in his individual capacity, **COUNSEL RUIZ**, in his individual capacity, **COUNSELOR EVERHART**,[1] | |
| Defendants. | |

George A. Beltran, Reg. #29768-298, Sheridan Federal Correctional Institution, P.O. Box 6000, Sheridan, OR 97378, *pro se*.

Billy J. Williams, United States Attorney, and Jared Hager, Assistant United States Attorney, U.S. ATTORNEY'S OFFICE DISTRICT OF OREGON, CIVIL DIVISION, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204. Of Attorneys for Defendants.

---

[1] As noted in the Court's November 30, 2015 Opinion and Order, Dkt. 26 at 1, "Warden Marion Feathers" is Marion Feather; "Counselor Perez" is Efren Perez; "Counselor Mock" is Robin Mock; and "Counselor Everhart" is Carl Earhart, Jr. "Counselor Ruiz" has not yet been identified.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Plaintiff George A. Beltran ("Beltran" or "Plaintiff"), a prisoner at the Satellite Federal Correctional Institution in Sheridan, Oregon ("Sheridan"), brings suit against Defendants Warden Marion Feather ("Warden Feather") and Counselors Perez, Mock, Ruiz, and Earhart (collectively "Defendants").[2] Beltran brings his claims under 42 U.S.C. § 1983 for alleged violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. In his first amended complaint ("FAC"), Beltran alleges that Defendants' denied him an extra mattress for his back pain and punished him for having an unauthorized extra mattress by taking away his telephone privileges for 30 days and his commissary privileges for 60 days. According to Beltran, these policies and procedures violate his free speech and due process rights. Beltran further alleges that Defendants have acted with deliberate indifference toward his medical requirements in violation of the Eighth Amendment. Beltran requests injunctive relief and

---

[2] The Court does not address Beltran's renewed claims against the United States, the Federal Bureau of Prisons, and Sheridan because the Court dismissed these claims with prejudice in the Court's November 30, 2015 Opinion and Order, *Beltran v. United States*, 2015 WL 7722414 (D. Or. Nov. 30, 2015), Dkt. 26, and Beltran has not asked for leave to re-plead these claims. In any event, Beltran's invocation of the Federal Tort Claims Act ("FTCA") does not cure the defects in his claims against the United States and the federal agencies. The FTCA waives the sovereign immunity of the United States and its agencies and allows federal district courts to hear tort actions against the federal government for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Beltran does not allege any tort claim, other than an unsupported, conclusory statement that Defendants are retaliating against him, but rather continues to allege violations of his constitutional rights, for which the United States has not waived sovereign immunity. *See Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991). Additionally, Beltran does not allege that he followed the proper administrative procedures to bring a claim under the FTCA as required by 28 U.S.C. § 2675(a). *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

PAGE 2 – OPINION AND ORDER

monetary damages.[3] Defendants move to dismiss the FAC for failure to state a claim or, in the alternative, for summary judgment for failure to exhaust administrative remedies. For the reasons stated below, the Court grants Defendants' motion to dismiss.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the

---

[3] Beltran also requests relief permitted under 28 U.S.C. § 2284. This statute provides for the convening of a panel of three district court judges when required by a congressional act. § 2284(a). Beltran argues that he is entitled to such a panel under 18 U.S.C. § 3626 because he challenges the constitutionality of his prison conditions. Under § 3626, the three judge panel may issue a prison release order "only if the court finds by clear and convincing evidence that—(i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right." § 3626(a)(3)(E). Because Beltran has not alleged either element required under the statute, he has not stated a claim under 18 U.S.C. § 3626 and is not entitled to a three-judge panel under 28 U.S.C. § 2284.

PAGE 3 – OPINION AND ORDER

plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Beltran is currently serving a 120-month sentence at Sheridan. Beltran bases his complaint, in part, on events that occurred in April 2015. According to Beltran, prison counselors searched his cell and confiscated an extra mattress that Beltran had placed on his bed to alleviate his back pain. Because Beltran had an extra mattress without authorization, prison policy required Beltran to participate in a Unit Disciplinary Committee ("UDC") hearing. At the hearing, prison counselors determined that Beltran had violated internal Code 305 by possessing "anything not authorized." Therefore, Beltran lost telephone privileges for 30 days and commissary privileges for 60 days. Beltran did not file an appeal from the UDC determination.

In May 2015, Plaintiff filed his original complaint. Defendants moved to dismiss for failure to state a claim and, in the alternative, for summary judgment for failure to exhaust administrative remedies. On November 30, 2015, the Court granted Defendants' motion to dismiss and dismissed Beltran's claims against the United States, Bureau of Prisons, and

PAGE 4 – OPINION AND ORDER

Sheridan with prejudice. The Court granted Beltran leave to file an amended complaint with respect to his claims against Warden Feather and Counselors Perez, Mock, Ruiz, and Earhart. Beltran filed the FAC on January 11, 2016. Defendants again move to dismiss the complaint and, in the alternative, for summary judgment.

## DISCUSSION

The Court construes Beltran's complaint as alleging claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[4] A *Bivens* claim is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). *Bivens* provides "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

### A. Claims Against Individual Officers

Defendants argue that all of Beltran's claims against the remaining individual officers should be dismissed. Beltran alleges that Defendants violated: (1) his First Amendment rights by suspending his telephone privileges; (2) his Fourth Amendment rights by searching his bunk; (3) his Fifth Amendment rights by not conducting a proper UDC hearing; (4) his Sixth Amendment rights by not giving him a fair UDC hearing; (5) his Seventh Amendment rights by impeding his right to a fair trial by jury; (6) his Eighth Amendment rights by acting with deliberate indifference toward his medical needs; and (7) his Fourteenth Amendment rights by depriving him of due process of law.[5]

---

[4] Beltran's objections to the Court's characterization of his claims as *Bivens* claims are unfounded. 42 U.S.C. § 1983 allows for claims against state agents, whereas *Bivens* allows for claims against federal agents. Here, Beltran brings claims against federal agents.

[5] Beltran also states that Defendants are retaliating against him. He alleges no facts and advances no arguments about why Defendants are retaliating against him. He also does not

PAGE 5 – OPINION AND ORDER

For the reasons stated in the Court's previous Opinion and Order, Beltran has failed to state a claim under the First Amendment. The Court previously analyzed Beltran's 30-day telephone suspension under the four factors in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). The Court found that: (1) prison administrators could reasonably have believed that the threat of restrictions on telephone use serves to deter possession of unauthorized items; (2) Beltran has alternative means of exercising his right to free speech; (3) the restriction on Beltran's telephone use is limited; and (4) Beltran has not met his burden to show that available alternatives are obvious and easy ways to deter the possession of unauthorized items.

The only new facts that Beltran asserts in relation to his First Amendment claim are that he communicates with his son more effectively over the telephone than through letters and that his family lives far from Sheridan. The Court is sympathetic that Beltran's son benefits from telephone calls with his father and that Beltran's family lives too far away to reasonably visit Sheridan. The *Turner* test does not require, however, that prison administrators implement the "least restrictive alternative." *Id.* at 90-91. The Supreme Court instructs that "prison administrators . . . , and not the courts, [are] to make the difficult judgments concerning institutional operations." *Id.* at 89 (alteration in original) (quoting *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977)). Particularly when a prisoner retains other avenues through which he may assert his free speech rights, "courts should be particularly conscious of the 'measure of judicial deference owed to corrections officials . . . in gauging the validity of the regulation.'" *Id.* at 90 (alteration in original) (quoting *Pell v. Procunier*, 417 U.S. 817, 827

---

contend that the extra mattress found in his cell was anything other than an unauthorized item for which Defendants could find him in violation of Code 305. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Therefore, the Court finds that Beltran has failed to state a claim for retaliation.

PAGE 6 – OPINION AND ORDER

(1974)). Beltran's 30-day telephone suspension still allows him to send letters that other members of his family may read to his son. Additionally, the suspension is limited in duration. According Defendants the appropriate measure of judicial deference to determine prison regulations, the Court finds that Beltran's temporary suspension does not create an unreasonable restriction on Beltran's right to free speech.

Additionally, the Court explained in its previous Opinion and Order that Beltran failed to state a claim under the Fourth, Sixth, and Fourteenth Amendments. *Beltran v. United States*, 2015 WL 7722414, at *4 (D. Or. Nov. 30, 2015).[6] Beltran has not rectified these claims in the FAC. Beltran has not stated a claim under the Fourth Amendment because he has no expectation of privacy in his prison cell. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Beltran has not stated a claim under the Sixth Amendment because the Sixth Amendment applies only to criminal prosecutions and Beltran has not alleged any facts relating to his criminal prosecution. U.S. Const. amend. VI. Beltran also has not stated a claim under the Fourteenth Amendment because the Fourteenth Amendment applies to states, not to the federal government, and Beltran has not alleged claims against any state government official.

Beltran's factual assertions in support of his Fifth and Eighth Amendment claims in the FAC are also materially identical to the claims in his original complaint. For the reasons stated in the Court's previous Opinion and Order, these assertions fail to state a claim under both amendments. *Beltran*, 2015 WL 7722414, at *6-7.[7] In particular, Beltran does not identify "a protected liberty interest" or an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting

---

[6] Dkt. 26 at 7-8.

[7] Dkt. 26 at 12-16.

PAGE 7 – OPINION AND ORDER

*Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Additionally, Beltran's allegations that he received inadequate medical treatment do not implicate the named individual officers, who are not alleged to have any medical treatment roles at Sheridan. The emails to and from Health Services that Beltran attaches as exhibits to the FAC also show repeated responses to Beltran's concerns and attention to Beltran's medical needs.[8] Beltran asserts that medical staff have not given him the correct prescriptions for his pain, but "[a] difference of opinion does not amount to a deliberate indifference to [Beltran's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Finally, Beltran has not stated a claim under the Seventh Amendment. The Seventh Amendment provides for the right to a trial by jury in certain civil cases. U.S. Const. amend. VII. The Seventh Amendment is violated when "an individual is not afforded, for any significant period of time, a jury trial he would otherwise receive." *Armster v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 792 F.2d 1423, 1430 (9th Cir. 1986). Beltran has not asserted any facts showing that Defendants have prevented Beltran from being afforded a civil jury trial. Moreover, for the reasons discussed above, Beltran has not asserted any facts showing that he is entitled to a civil jury trial on any of his claims.

## B. Claims Against Warden Feather

Defendants move to dismiss Beltran's claims against all defendants, including Warden Feather. Beltran's claims against Warden Feather rest on "[Warden Feather's] passive or active participation for the UDC hearing determinations exerted upon the inmate-plaintiff for her role

---

[8] The Court considers these exhibits without converting the motion to dismiss into a motion for summary judgment pursuant to the standards set forth in *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

and authority to decide upon the medical requests that were made to her."[9] In his response to Defendants' motion, Beltran also argues that Warden Feather violated Beltran's Eighth Amendment right against cruel and unusual punishment because "she should have known that the grade of care provided to Beltran for his claims of pain and deliberate indifference were triggered at the moment that Perez decided to ignore Beltran's physical condition requiring adequate medical care."[10] *Bivens* does not allow for holding a supervisor vicariously liable. *Iqbal*, 556 U.S. at 676. To state a *Bivens* claim against a supervisor, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

Beltran does not assert that he made any complaint or requests for medical care directly to Warden Feather. Nor does Beltran assert that Warden Feather took any direct action that infringed his constitutional rights. Beltran argues instead that Warden Feather "should have known" that he received inadequate medical care and that Warden Feather demonstrated "deliberate indifference" to his medical needs. If a plaintiff shows "that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights," then a supervisor may be held liable for his or her involvement in the constitutional deprivation. *Starr*, 652 F.3d at 1206-07. The plaintiff must show, however, "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 1207 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)). As discussed above, Beltran has failed to state a claim for any constitutional deprivation under the Eighth Amendment.

---

[9] Dkt. 28 at 7.

[10] Dkt. 31 at 17.

PAGE 9 – OPINION AND ORDER

Accordingly, he has failed to plead sufficient facts to state a claim for supervisor liability under Eighth Amendment deliberate indifference jurisprudence.

**C.  Exhaustion Requirement**

Defendants argue that this is one of the rare cases in which the plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") is clear from the face of the complaint such that the Court can grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)"). In the alternative, Defendants argue that summary judgment is appropriate. Defendants offer evidence that Beltran did not submit any administrative appeal or request related to his Code 305 violation or medical care.

The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has stressed that the PLRA requires "proper exhaustion" so that the state grievance system receives "a fair opportunity to consider the grievance." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Such a fair opportunity does not exist "unless the grievant complies with the system's critical procedural rules." *Id.* Congress intended 42 U.S.C. § 1997e(a) "to reduce the quantity and improve the quality of prisoner suits . . . . In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Additionally, "the internal review might 'filter out some frivolous claims'" and, for those claims brought to court, create "an administrative record that

PAGE 10 – OPINION AND ORDER

clarifies the contours of the controversy." *Id.* at 525 (quoting *Booth v. Churner*, 532 U.S. 731, 737 (2001)).

"Nonexhaustion" is "an affirmative defense" and defendants have the burden of "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1171-72. A remedy is "available" where it is "capable of use; at hand." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1171). Grievance procedures that do not allow for all types of relief sought are still "available" as long as the procedures may afford "some relief." *Booth*, 532 U.S. at 738. If a defendant meets the initial burden, a plaintiff then must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. Remedies are "effectively unavailable" where they are "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). "[T]he ultimate burden of proof," however, never leaves the defendant. *Id.*

The Federal Bureau of Prisons ("BOP") administrative remedy process allows inmates to file a grievance related to any aspect of confinement. *See* 28 C.F.R. § 542.10. If an inmate cannot informally resolve a grievance, the inmate may submit a formal request for a remedy to the Warden. § 542.14(a). The inmate has 20 days to appeal any decision by the Warden to the Regional Director. § 542.15(a). The inmate then has 30 days to appeal the Regional Director's response to the General Counsel in the Central Office of the BOP. *Id.* Only after following this administrative procedure may an inmate file a federal lawsuit. 42 U.S.C. § 1997e(a).

PAGE 11 – OPINION AND ORDER

In the FAC, Beltran contends that his claims are not subject to the PLRA's exhaustion requirements, implicitly acknowledging that he failed to exhaust his administrative remedies.[11] Additionally, the FAC expressly incorporates the allegations in Beltran's original complaint.[12] In the original complaint, Beltran stated he could have asked for administrative relief but that such a request would have been futile.[13] He explicitly acknowledges that he chose not to submit a formal request for an administrative remedy as required by 28 C.F.R. §§ 542.10-542.19 Thus, although failure to exhaust administrative remedies is an affirmative defense, it is clear from the face of the FAC that Beltran did not exhaust his administrative remedies as required by the PLRA.

In his response to Defendants' motion, Beltran cites case law explaining the futility doctrine. Beltran does not, however, allege any facts showing that following the required administrative procedures would have been futile. For example, Beltran does not assert that prison staff led him to believe a formal grievance was unnecessary or would not be considered in his case. He does not assert that he had any reason to believe he would have been denied an extra mattress or phone privileges if he had formally appealed the disciplinary decision. Thus, Beltran fails to plead sufficient facts showing that exhaustion would have been futile. The Court dismisses the FAC based on Beltran's failure to state a claim and failure to exhaust his administrative remedies, which is clear on the face of the complaint and appropriately addressed

---

[11] Dkt. 28 at 16. Beltran is mistaken when he asserts that his claims are exempted from the PLRA's requirements. The Supreme Court has held that the PLRA's exhaustion requirements apply to claims for money damages based on constitutional violations. *Booth*, 532 U.S. at 741.

[12] Dkt. 28 at 7.

[13] Dkt. 2 at 4.

through a motion to dismiss. Because the Court dismisses the complaint, the Court does not address arguments concerning Defendants' motion for summary judgment.[14]

## CONCLUSION

Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 29) is granted. Beltran's first amended complaint was substantially identical to his original complaint. Accordingly, the Court finds that leave to amend would be futile. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile."). Beltran's claims against Warden Marion Feather and Counselors Perez, Mock, Ruiz, and Earhart are dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 1st day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[14] On May 4, 2016, Beltran filed a motion for default judgment based on his assertion that he has asked several times that Defendants and their attorney give him access to discovery and disclose all evidence related to this matter under Federal Rules of Civil Procedure 26. According to Beltran, he "has been prejudicially ignored." Dkt. 33 at 5. Because the Court grants Defendants' motion to dismiss, the Court denies Beltran's motion for default judgment (Dkt. 33) as moot.